# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. PRADO,<br>Booking #16113441,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>WILLIAM GALLO, et al.,<br><br>　　　　　　　　Defendants. | Case No. 16-cv-02638-BAS-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; AND**<br><br>**(2) DISMISSING CIVIL ACTION AS FRIVOLOUS AND FOR SEEKING MONETARY RELIEF AGAINST IMMUNE DEFENDANTS** |

　　　　Plaintiff Joseph A. Prado, currently incarcerated at the San Diego Central Jail ("SDCJ") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## MOTION TO PROCEED IFP

　　　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016), and regardless of whether his action is ultimately dismissed. 28 U.S.C. §§ 1915(b)(1), (b)(2); *see also Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (b)(4). The institution having custody of the prisoner then collects subsequent payments and forwards those payments to the Court until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2); *see also Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by a SDCJ detentions captain attesting to his trust account activity (ECF No. 2 at 4). *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2(b). These statements show Plaintiff has had no monthly deposits to his account, has carried no balance over the six month period preceding the filing of his Complaint, and that his current available balance is zero. Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to require any initial

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

filing fee, *see Bruce*, 136 S. Ct. at 629, and directs the Watch Commander at SDCJ to collect and forward to the Clerk of Court the entire $350 balance of the required fees pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *see also Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

## STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A prisoner need not plead detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## DISCUSSION

Plaintiff brings his Complaint under 42 U.S.C. § 1983, naming as Defendants United States Magistrate Judges William Gallo and Karen Crawford, San Diego Superior Court Judges Mike Groch and Ann Espana,[2] and United States District Judge Cathy Bencivengo. (ECF No. 1. at 1–2.) The Complaint contains no coherent factual allegations. Plaintiff seeks $700,000 in general and $700,000 in punitive damages. (*Id.* at 7.) After conducting the required screening, the Court finds dismissal of the Complaint appropriate for two reasons.

First, it is well-established that "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citation omitted). Thus, to the extent Plaintiff seeks damages against Magistrate Judges Gallo and Crawford, Superior Court Judges Groch and Espana, and District Judge Bencivengo, for either proceeding over his criminal proceedings or denying him relief in his federal civil actions, his claims are legally frivolous.

Second, Plaintiff's Complaint is duplicative of another civil action he previously litigated in the Southern District of California. *See Prado v. Dumanis, et al.*, S.D. Cal.

---

[2] Plaintiff's Complaint incorrectly refers to Superior Court Judge Groch as "Giroch" and Superior Court Judge Espana as "Esponza."

Civil Case No. 3:16cv2309-BEN-KSC (ECF No. 1, filed September 7, 2016).[3] A prisoner's complaint is considered frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Therefore, because Plaintiff has previously litigated what appear to be identical claims presented in the instant action against many of the same Defendants in *Prado v. Dumanis, et al.*, the Court must dismiss the instant action pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

For these reasons, the Court finds that Plaintiff's Complaint is frivolous and seeks monetary damages against immune defendants. Accordingly, the Court DISMISSES the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Lopez,* 203 F.3d at 1126–27.

Finally, while the Court would typically grant Plaintiff leave to amend in light of his pro se status, the frivolous nature of the Complaint would make any amendment futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend). Accordingly, the Court's dismissal is without leave to amend.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **DIRECTS** the Watch Commander of SDCJ, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly

---

[3] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

payments from his account in an amount equal to twenty percent (20%) of the preceding month's income, and to forward those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

     3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101;

     4.    **DISMISSES** Plaintiff's Complaint for seeking monetary damages against immune defendants and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). This dismissal is without leave to amend;

     5.    **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

     6.    **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

**DATED: February 16, 2017**

Hon. Cynthia Bashant
United States District Judge

6

16cv2638